## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM DAVID BURKES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HAMILTON COUNTY, ILLINOIS, et al., )<br>)<br>Defendants. ) | CIVIL NO. 10-cv-235 DRH |

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff William David Burkes, an inmate in the White County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; this action is subject to summary dismissal.

Burkes's claim is very brief.  At White County Jail, a cell houses eight people.  If one person requests religious services, the services are conducted in that cell.  Burkes states that he is "being forced to attend Christian church services" held in the cell where he is assigned, even though he does not wish to participate in those services.  He asked to be removed from the cell at those times, but his request was denied.  Implicit in his complaint is an allegation that his First Amendment right to free exercise of his religion is impeded because he is not removed from the group cell prior to these services.

The Free Exercise Clause is violated when the government substantially burdens the "exercise" of religion, *i.e.*, an act or practice mandated by or central to a particular religion.  *See Hernadez v. C.I.R.,* 490 U.S. 680, 699 (1989); *Civil Liberties for Urban Believers v. City of Chicago,* 342 F.3d 752, 760 (7th Cir. 2003).  Burkes does not allege that he is compelled to actively participate in these services; he simply is not permitted to go elsewhere.  More importantly, Burkes does not identify *his* religious beliefs or practices, so he necessarily has failed to demonstrate that being present in the cell during the Christian services conflicts with *his* beliefs or any central practice of *his* religion.  Thus, he has failed to state a claim upon which relief may be granted.

In summary, the complaint does not survive review under § 1915, and this action is **DISMISSED** with prejudice.  Burkes is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  September 23, 2010.

/s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**